```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLTON MILLS                   :    CIVIL ACTION
                                :
     v.                         :
                                :
CITY OF PHILADELPHIA, et al.    :    NO. 11-2474
```

MEMORANDUM

McLaughlin, J.                                     April 2, 2012

        The pro se plaintiff filed this action on April 13, 2011, alleging that the City of Philadelphia violated his procedural due process rights in the course of foreclosing on his home and selling it at a tax sale.  On May 13, 2011, the plaintiff filed an Amended Complaint naming The Five C's Group, the purchaser of his home at the foreclosure sale, as a defendant (Docket No. 7).  The City of Philadelphia filed a motion to dismiss on June 7, 2011, arguing that the plaintiff had failed to bring his claim within the two year statute of limitations period (Docket No. 9).  At an on-the-record hearing on August 18, 2011, the Court gave the plaintiff the opportunity to explain what, if any, of the City's actions occurred within the statute of limitations period.  Finding that all of the plaintiff's claims were time barred, the Court granted the City's motion to dismiss.  At that point, The Five C's Group had not been served.

        After being served, The Five C's Group filed this motion to dismiss on October 13, 2011, also alleging that the plaintiff's claims are barred by the Pennsylvania statute of

limitations (Docket No. 32). The Court held oral argument on February 17, 2012 so the plaintiff could tell the Court if any of the defendant's actions occurred within the statute of limitations period. The plaintiff informed the Court that he had not seen the defendant's motion and did not know before the motion was filed that the defendant had been served. He was given a copy of the motion by the Court and time to respond See Tr. 2/17/12 at 8-9. The plaintiff also told the Court he might want to amend his complaint. Id. The Court told the plaintiff that he could explain his reasons for needing to amend in his motion response. Id. at 10. The plaintiff filed a response on March 9, 2012, reiterating his argument that he was not properly served with the defendant's motion and arguing therefore that the motion should be denied and he should be allowed to amend his complaint (Docket No. 37).

Claims of constitutional violations are governed by the state's statute of limitations for personal injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Pratt v. Thornburgh, 807 F.2d 355 (3d Cir. 1986). In Pennsylvania, a plaintiff must bring a cause of action within two years of the injury giving rise to the alleged violations. See 42 Pa. C.S. § 5524.

All of the plaintiff's claims are based on events which occurred in the year of 2008. In the Second Amended Complaint, the plaintiff states that the dates which give rise to his suit

are "About July 23-30, 2008, December 12, 2008, December 17 2008, December 18, 2008." Second Am. Compl. 3.  Because the plaintiff is pro se, the Court held several on-the-record hearings in this case about the events which led to his filing this suit.  The Court wanted to be sure that the plaintiff had the opportunity to present any facts that alleged unlawful action within the statute of limitations period.  The Court incorporates the February 17, 2012 conference and earlier conferences with the plaintiff on April 13, 2011 and August 24, 2011 into this order.

The alleged constitutional violation, the improper notice of the home foreclosure sale, occurred in July of 2008. Tr. of Apr. 13, 2011 Hr'g 3:5-25; 6:5-10.  In July of 2008, the plaintiff received a summons and petition, sent to his mother's home, notifying him that his home might be sold at a sheriff's sale.  Id.  The plaintiff did not attend a state court hearing in the matter in August of 2008.  Id. 7:9-11.  In December of 2008, the home was sold at a sheriffs's sale to The Five C's Group. Id. 10:6-14.  The Five C's Group commenced eviction proceedings against the plaintiff in July of 2009.  Id. 13:16-14:14.  The plaintiff does not allege any wrongdoing on the part of The Five C's Group, either when purchasing the home or during the eviction proceeding.  Rather, his only allegation is that he was not properly informed of the foreclosure sale.

The plaintiff initiated this action on April 11, 2011, approximately two and a half years after the alleged improper

3

notice giving rise to his claim occurred.  The Court concludes that the plaintiff has alleged no facts which bring the plaintiff's claims within the two-year statute of limitations.  The complaint against The Five C's Group is dismissed with prejudice.

A party "may amend its pleadings only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The plaintiff has amended his complaint twice in this case, and he has not provided the Court with any reason why he wishes to amend again or what additional claims or facts he seeks to include in an amended complaint.

An appropriate order will issue separately.